IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

EARL JEFFREY BARBER,
    Petitioner,

vs.                                         Case No.:  5:14cv114/RV/EMT

N.C. ENGLISH, WARDEN,
    Respondent.
_____/

**REPORT AND RECOMMENDATION**

       This case is before the court on Petitioner's habeas petition, filed pursuant to 28 U.S.C. § 2241, and supporting memorandum (docs. 1, 2).  Respondent filed a response to the petition (doc. 10).  The court afforded Petitioner an opportunity to file a reply (*see* doc. 11), but he has not done so.

       The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters.  *See* N.D. Fla. Loc. R. 72.2(B); *see also* 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b).  After careful consideration of all issues raised by the parties, it is the opinion of the undersigned that the petition should be dismissed for lack of jurisdiction.

I.    BACKGROUND

       Following a jury trial in this federal court, Case No. 1:03cr52/MMP/GRJ, Petitioner was found guilty of one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g) and § 924(e)(1) (Count One), and one count of possession of stolen firearms, in violation of 18 U.S.C. § 922(j) and § 924(a)(2) (Count Two).  *See* United States v. Barber, No. 1:03cr52/MMP/GRJ, Jury Verdict (N.D. Fla. Jan. 27, 2004).  On May 27, 2004, he was adjudicated guilty and sentenced as an armed career criminal, pursuant to 18 U.S.C. § 924(e) ("ACCA"), to 327 months of imprisonment on Count One, and a concurrent term of 120 months of imprisonment on Count

Two.[1]  *Id.*, Judgment (N.D. Fla. June 8, 2004). Petitioner appealed the judgment and sentence to the Eleventh Circuit Court of Appeals, Case No. 04-130941. *Id.*, Notice of Appeal (N.D. Fla. May 24, 2004). The Eleventh Circuit affirmed the judgment on May 9, 2005. *See id.*, USCA Order in Lieu of Mandate (N.D. Fla. July 19, 2005). The United States Supreme Court denied certiorari on November 14, 2005. *See id.*, Order (N.D. Fla. Nov. 29, 2005).

On October 30, 2012, Petitioner filed a motion to vacate sentence, pursuant to 28 U.S.C. § 2255. *See* Barber, 1:03cr52/MMP/GRJ, Motion to Vacate under 28 U.S.C. § 2255 (N.D. Fla. Nov. 5, 2012). The district court dismissed the motion as untimely on April 18, 2013. *Id.*, Order (N.D. Fla. Apr. 18, 2013).

Petitioner filed the instant § 2241 petition on May 1, 2014 (doc. 1). He challenges his sentence on the ground that his 1987 Florida conviction for delivery of cocaine no longer qualifies as a predicate offense under the ACCA (doc. 1 at 3; doc. 2). Specifically, he contends his Florida drug conviction does not qualify as a "serious drug offense" under the ACCA (*id.*). Petitioner argues that at the time of his Florida conviction, the statute under which he was convicted, Florida Statutes § 893.13, lacked an essential mens rea element, *i.e.,* knowledge of the illicit nature of the controlled substance (*id.*). He argues that under the Supreme Court decisions in Descamps v. United States, — U.S. —, 133 S. Ct. 2276, 186 L. Ed 2d 438 (2013) and Alleyne v. United States, — U.S. —, 133 S. Ct. 2151, 186 L. Ed. 2d 314 (2013), his drug conviction does not qualify as an ACCA predicate offense (*id.*). Petitioner contends he is actually innocent of the ACCA enhancement, and his 327-month prison sentence exceeds the statutory maximum sentence of 10 years of imprisonment (*id.*).

II.    ANALYSIS

The power to issue the writ of habeas corpus was granted to the federal courts by the Judiciary Act of 1789. *See* United States v. Hayman, 342 U.S. 205, 211, 72 S. Ct. 263, 96 L. Ed. 232 (1952).

---

[1] Section 924(e) provides, in relevant part:

> In the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined under this title and imprisoned not less than fifteen years . . . .

18 U.S.C. § 924(e)(1).

The habeas remedy is now codified in § 2241, subsection (c)(3) of which provides that the writ of habeas corpus shall not extend to a prisoner unless he is "in custody in violation of the Constitution or laws or treaties of the United States." As noted in Hayman, habeas corpus applications are required to be brought in the district of confinement. 342 U.S. at 213.

Because courts which had federal prisons within their jurisdictional boundaries became inundated with habeas petitions, and because the materials, witnesses, and other evidence which had a significant bearing on the determination of the legality of a sentence were generally located in the district where sentence was imposed rather than where the prisoner was confined, in 1948 Congress enacted § 2255 of Title 28. *See* Hayman, 342 U.S. at 212–14, 218; *see also* Wofford v. Scott, 177 F.3d 1236, 1239 (11th Cir. 1999). The language of § 2255 suggests, and the Eleventh Circuit has expressly concluded, that this statute was intended to channel challenges to the legality of the conviction and imposition of sentence, while leaving § 2241 available to challenge the continuation or execution of an initially valid confinement. *See* Antonelli v. Warden, U.S.P. Atlanta, 542 F.3d 1348, 1351–52 (11th Cir. 2008); United States v. Jordan, 915 F.2d 622, 629 (11th Cir. 1990) (§ 2255 is primary method of collateral attack on federally imposed sentence); Broussard v. Lippman, 643 F.2d 1131, 1134 (5th Cir. Apr. 1981) (attacks on the underlying validity of a conviction must be brought under 28 U.S.C. § 2255, not 28 U.S.C. § 2241).[2] Thus, § 2241 provides an avenue for challenges to matters such as the administration of parole, prison disciplinary actions, prison transfers, and certain types of detention. *See* Antonelli, *supra* (petition challenging decision of federal Parole Commission is properly brought pursuant to § 2241); Thomas v. Crosby, 371 F.3d 782, 810 (11th Cir. 2004) (petition challenging pre-trial detention is properly brought pursuant to § 2241); Bishop v. Reno, 210 F.3d 1295, 1304 n.14 (11th Cir. 2000) (petition challenging Bureau of Prisons's administration of service credits, including calculation, awarding, and withholding, involves execution rather than imposition of sentence; thus it is a matter for habeas corpus review). A collateral attack on the validity of a federal conviction and sentence, is properly brought under 28 U.S.C. § 2255 in the district of conviction. Antonelli, *supra*; Jordan, *supra*; McGhee v. Hanberry, 604 F.2d 9, 10 (5th Cir.

---

[2] Decisions rendered by the United States Court of Appeals for the Fifth Circuit prior to September 30, 1981 are binding as precedent on the Eleventh Circuit. Bonner v. City of Prichard, 661 F.2d 1206, 1207 (11th Cir. 1981).

Case No: 5:14cv114/RV/EMT

1979).  A defendant may not circumvent the procedural limitations on § 2255 motions simply by styling his motion as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

Title 28 U.S.C. § 2255(e) provides in pertinent part:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. § 2255(e) (emphasis added); Wofford, 177 F.3d at 1238 (quoting § 2255 with added emphasis).  The italicized language is known as the "savings clause."  The savings clause imposes a subject-matter jurisdictional limit on § 2241 habeas petitions.  *See* Williams v. Warden, Fed. Bureau of Prisons, 713 F.3d 1332, 1338–40 (11th Cir. 2013).

In Bryant v. Warden, FCC Coleman–Medium, 738 F.3d 1253 (11th Cir. 2013), the Eleventh Circuit articulated five requirements necessary to proceed with a § 2241 petition raising sentencing claims under the savings clause.  To show that a § 2255 motion was "inadequate or ineffective to test the legality of his detention," Petitioner must establish that (1) throughout his sentencing, direct appeal, and first § 2255 proceeding, the Eleventh Circuit's binding precedent had specifically addressed his sentencing claim and squarely foreclosed it; (2) subsequent to his first § 2255 proceeding, a Supreme Court decision overturned Circuit precedent that had squarely foreclosed Petitioner's claim; (3) the new rule announced in the Supreme Court decision applies retroactively on collateral review; (4) as a result of the new rule being retroactive, Petitioner's current sentence exceeds the statutory maximum authorized by Congress; and (5) the savings clause in § 2255(e) reaches Petitioner's claim of illegal detention above the statutory maximum penalty.  Bryant, 738 F.3d at 1274.

Petitioner relies upon the Supreme Court's decisions in Alleyne and Descamps to satisfy the Bryant factors (*see* docs. 1, 2).[3]  However, the Eleventh Circuit recently held that the Supreme Court's

---

[3] In Alleyne, the Supreme Court overturned Harris v. United States, 536 U.S. 545, 122 S. Ct. 2406, 153 L. Ed. 2d 524 (2002), and held that any factor that increases a defendant's mandatory minimum sentence is an element of the crime that must be found by a jury.  133 S. Ct. at 2155.  Alleyne, however, did not address prior-conviction sentencing enhancements.  *See generally id.* at 2151.  Instead, the Supreme Court explicitly stated that it was not revisiting the "narrow exception to this general rule for the fact of a prior conviction."  *Id.* at 2160 n.1

In Descamps, the Supreme Court held that sentencing courts may not apply the modified categorical approach to determine if a conviction is a "violent felony" under the ACCA when the crime of conviction has a "single,

decision in Alleyne does not apply retroactively on collateral review. *See* Jeanty v. Warden, FCI-Miami, 757 F.3d 1283, 1285–86 (11th Cir. 2014). Additionally, the Supreme Court has not made Descamps retroactive on collateral review. *See, e.g.,* Wilson v. Warden, FCC Coleman, — F. App'x —, 2014 WL 4345685, at *3 (11th Cir. Sept. 3, 2014) (unpublished) (noting that the Supreme Court has not expressly declared Descamps to be retroactive to cases on collateral review, that Descamps was decided in the context of a direct appeal, and that the Supreme Court has not since applied it to a case on collateral review). Further, the Supreme Court was clear in Descamps that its holding was dictated by established precedent. *See* Descamps, 133 S. Ct. at 2283 ("Our caselaw explaining the categorical approach and its 'modified' counterpart all but resolves this case."); *id.* at 2285 (describing the Court's prior applications of the modified categorical approach as "the only way we have ever allowed" that approach to be applied); *id.* at 2286 ("We know Descamps' crime of conviction, and it does not correspond to the relevant generic offense. Under our prior decisions, the inquiry is over."); *id.* at 2286 (describing Ninth Circuit's analysis as "[d]ismissing everything we have said on the subject"); *id.* at 2288 (describing Ninth Circuit's analysis as "flout[ing] our reasoning"). Therefore, the undersigned agrees with the other federal courts which have determined that Descamps did not announce a new rule; instead, it simply applied existing Supreme Court doctrine, and it is thus not retroactively applicable on collateral review. *See, e.g.*, United States v. Montes, 570 F. App'x 830, 831 (10th Cir. 2014) (unpublished); United States v. Chapman, — F. Supp. 2d —, 2014 WL 1931814, at *4 (D. Tex. May 14, 2014) ("While no circuit court has addressed the issue, the district courts that have done so consistently hold that Descamps does not apply retroactively to cases on collateral review.") (citations omitted); Brown v. United States, No. 2:13cv8052-VEH, 2014 WL 5795505, at *4 (N.D. Ala. Nov. 6, 2014) (unpublished) (Descamps did not announce a new rule of substantive law, rather, it merely clarified the proper analytical approach for determining whether a defendant's sentence should be enhanced under the ACCA); King v. United States, No. CV214-046, CR210-4, 2014 WL 5766774, at *3 (S.D. Ga. Nov. 5, 2014) (unpublished) (Descamps is not retroactively applicable as a substantive rule or as a new "watershed" procedural rule); Jones v. United States, Nos. 12-24521-CIV, 11-20767-CR, 2014 WL 4906217, at *6 (S.D. Fla.

---

indivisible set of elements." 133 S. Ct. at 2281–82.

Sept. 30, 2014) (unpublished) (Descamps is not retroactively applicable on collateral review); Adams v. United States, Crim. No. 08-00155-CG, Civ. No. 14-00131-CG-M, 2014 WL 4685522, at *1 (S.D. Ala. Sept. 19, 2014) (unpublished) (same); Gray v. United States, No. 1:00-CR-0386-RWS, 2014 WL 749662, at *3 (N.D. Ga. July 28, 2014) (unpublished) (same); Bailey v. Warden, FCC Coleman-Medium, No. 5:09-cv-547-Oc-23PRL, 2014 WL 3707983, at *1 (M.D. Fla. July 25, 2014) (unpublished) (same).  Moreover, Descamps did not change the definition of a "serious drug offense," nor did it affect the analysis of "serious drug offense"; instead, it dealt only with the determination of whether a conviction is a "violent felony" under the ACCA.  *See, e.g.,* United States v. Johnson, 570 F. App'x 852 (11th Cir. 2014) (unpublished) (rejecting defendant's argument that under Descamps, a conviction under Florida Statute § 893.13 is not a "serious drug offense" under the ACCA).

As a final matter, Petitioner's Presentence Report ("PSR") lists well over three prior convictions that qualify as "violent felonies" under the ACCA, including six convictions for burglary of a dwelling.  *See* Barber, No. 1:03cr52/MMP/GRJ, Presentence Investigation Report, ¶ 46 (N.D. Fla. Sept. 26, 2014); *see also* United States v. Kirk, 767 F.3d 1136, 1139–42 (11th Cir. 2014) (finding that defendant's prior burglary convictions under Florida law qualified as violent felonies under the ACCA).  Petitioner did not contest these predicate offenses either at sentencing, on direct appeal, or in the instant § 2241 petition.  Therefore, he qualified for the ACCA enhancement notwithstanding the 1987 Florida drug conviction.

III.   CONCLUSION

In summary, review under § 2241 is unavailable because Petitioner challenges the validity of his sentence, not the execution of an initially valid confinement.  Furthermore, he has not shown he is entitled to review via the savings clause portal of § 2255(e).  Because Petitioner is plainly not entitled to pursue the relief he seeks under § 2241, this cause should be dismissed without further proceedings.

Accordingly, it is respectfully **RECOMMENDED**:

1.    That the petition for writ of habeas corpus filed under 28 U.S.C. § 2241 (doc. 1) be **DISMISSED for lack of jurisdiction**.

2.    That the clerk be directed to enter judgment accordingly and close the file.

At Pensacola, Florida this 24th day of November 2014.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings.**  *See* **28 U.S.C. § 636;** United States v. Roberts**, 858 F.2d 698, 701 (11th Cir. 1988).**